Tucker, P.
The agreement filed in this case admits'of no doubt as to the exemption of Anderson from interest until the incumbrances were all removed; and the decree having given interest from a date long anteriour, the appellant has been injured, and his adversaries have recovered some hundreds of dollars to which they have no title. The case then, upon the merits of his demand, seems clear. The questions presented are, whether he has title to any redress, and whether the remedy pursued by him is the proper one.
I do not think there has been any gross negligence in this case, on the part of Anderson. The suit was not, in its origin, a controversy between him and Woodford. It was bi’ought to perfect the title and extinguish the incumbrances ; and so far was it from being considered a matter of contest between them, that the same counsel drew both bill and answer; and the answer was merely formal. Indeed the bill had set forth the demand against Anderson in blank; thus leaving him fairly *327 to infer that the decree would he taken according to the contract. That he was afterwards warned by Dickinson and repeatedly urged to produce the agreement, is alleged indeed in the answer of Dickinson, hut not proved in the cause; so that, for aught that appears, he still acted under the impression that the suit was rather the joint concern of himself and Woodford, than a suit between them. It is remarkable, too, that his application to counsel was to assist mr. Dickinson in the prosecution, instead of contesting any matter with him : and it is not less remarkable that the sagacious and vigilant counsel thus employed should obviously have had the same impression throughout, “ never dreaming that Anderson had any interest in the matter other than in regard to the title.” He accordingly had the decree entered by consent, and seems to have taken it for granted that it was for the proper amount. To me this appears to have been a complete surprise; and a surprise, too, produced by the plaintiff’s setting forth his claim in blank, — pretending to no title to interest, and failing to produce the documentary evidence of his demand, which it was in his power to produce, for it was in the hands of the very witness whose deposition he took to prove the bond, which bond refers to the agreement.
Independent of every other consideration, then, it would seem that Anderson was entitled to relief. But the case does not rest here. After the decree is rendered, and before it is carried into execution, Anderson demands its correction, and Dickinson engages to submit the matter to the chancellor, if certain payments were made; which stipulation was substantially compliéd with by Anderson. But Dickinson did not submit the matter; aud this bill was the consequence. ’Shat Dickinson, if he had owned the whole of the debt, would have been bound by this engagement, cannot be questioned. The iniquity of pocketing a considerable sum *328 which did not belong to him would have laid the ground of a moral obligation sufficient to sustain the promise. But in truth he owned only a part of the debt, and the deduction was destined to fall on those entitled under Woodford to the residuum. Yet he was their counsel; his power over the cause yet continued, and he had a right to bind them by an engagement to submit the matter to the court, whereby a suit would be avoided for the correctiorrof the error. That the consent to the decree given by counsel was under tfie influence of mistake, seems obvious; and it was therefore susceptible of correction, either by bill of review or in some other mode. Dickinson had a sufficient motive, then, for consenting to submit the matter to the judge, upon receiving a very large payment, instead of leaving the defendant Anderson to file a bill of review, or a bill impeaching the decree, and in the mean time to retain the whole money in his hands. This view of the case satisfies me, not only that the plaintiff is entitled to relief, but to relief by way of original bill. I will add, however, that I see no reason to doubt that an original bill will lie to set aside a decree obtained by surprise, an well as one obtained by fraud. There is no doubt that equity relieves equally against surprise or fraud in judgments at law; and there is no assignable reason why it should not relieve, against surprise in equity. The only question is, whether it should be by bill of review or original bill. It cannot be by bill of review for matter in law, for that is inappropriate to the nature of the case. Nor can it in all cases be by bill of review for new matter discovered since the decree; for (as in this case) there may be surprise, and yet it may not arise out of new matter upon which to ground a bill of review. An original bill impeaching the decree on the ground that it has been obtained by surprise or mistake, is then the. proper remedy. It is the remedy recognized in the case of Erwin v. Vint, 6 Munf. 267. where a decree by *329 default was obtained under circumstances of surprise and the like principle is conceded in the case of Callaway v. Alexander &c.* decided a few days since. Admitting, as it seems to me it must clearly be admitted, that the consent decree has been entered under a mistake (and that mistake an innocent one) and that the counsel for the party agreed that the matter should be submitted again to the court for its decision, I think it must be conceded that this bill was the proper remedy, instead of a bill of review, which would bring again before the court the numerous parties to the former litigation.
I am of opinion to reverse the decree, and send the cause back, for the purpose of adjusting the balance really due, and for further proceedings.
Cabell and Brockenbbotigh, J. concurred.
Decree reversed and cause remanded.

 Reported ante, p. 114.